Lorenzo McGriff
#17A0545
Otisville Corrections Facility
PO Box 8
Otisville, NY 10963-0008

Case Name: McGriff v. Reardon
Case Number: 1:21-CV-00703-AMD-LB
Judge Ann M. Donnelly
Date 7/7/2021

RECEIVED JUL 12 2021 PRO SE OFFICE

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 12 2021 ★
*Rec. in dkt box 7/14
BROOKLYN OFFICE

Your Honor,

I am in receipt of your order dated 7/1/2021, in which you granted an extension of time for me (Petitioner), to reply to the Respondent's, reply dated April 13, 2021, in the above-caption matter.

Here petitioner is requesting the Appointment of Counsel in the above-caption matter, due to the complexity of the legal and factual issues of my case. I make my request out of an abundance of "Interest of Justice", 18 USC § 3006A (a)(2)(B) 2006; Rules Governing § 2254 Cases Rules 6(a), 8(c) 28 USC fol. § 2254 (2006), See, Also Reese v. Fulcomer, 946 F.2d 247, 263-64 (3rd Cir. 1991) (describing the factors the court should consider before appointment of counsel to an indigent habeas petitioner

as (1) Whether the habeas claim is frivolous; (2) whether appointment of counsel will benefit the petitioner and court; (3) the complexity of the legal or factual issues in the case; and (4) the ability of petitioner to investigate facts and present claims). See, e.g., Battle v. Armontrout, 902 F.2d 701, 702 (8th Cir. 1990) (requiring appointment of counsel because the factual and legal issues were sufficiently complex and numerous also finding that petitioner's ability to investigate the issues was significantly impaired by his imprisonment); United States ex rel. Jones v. Franzen, 676 F.2d 261, 267 (7th Cir. 1982) (appointing counsel for complex legal issues when allegations included withholding evidence, admission of co-defendant's statement, and improper jury sequestration). Lemeshko v. Wrona, 325 F. Supp. 2d 778 (E.D. Mich. 2004) (finding counsel should be appointed in a habeas action where prisoner "has made a colorable claim, but lacks

the means to adequately investigate, prepare, or present the claim.").

The Rules Governing § 2254 Cases Rule 8(c), 28 USC Fol. § 2254 (2006), require a court to appoint a lawyer if the court decides to hold a hearing to investigate the facts of a petitioner's case. See, United States v. Duarte-Higareda, 68 F.3d 369, 370 (9th Cir. 1995) (Finding Court appointment of counsel mandatory when evidentiary hearing are required for habeas petition under 28 USC § 2254.

### Conclusion

For all the aformentioned Reasons, Petitioner Request for Appointment of Counsel In Profection of The Habeas Corpus Petition Before this Court should be Granted In Every Respect.

Respectfully Submitted
Lorenzo McGriff

## Certificate of Service

I hereby certify that on July 7th 2021, the foregoing document was filed with the clerk of the court and served in accordance with the Federal Rules of Civil Procedure, and/or the Eastern District's Local Rules and was served upon the following party:

Eric Gonzalez
District Attorney
Kings County
350 Jay Street
Brooklyn, NY. 11201

**OTISVILLE CORRECTIONAL FACILITY**
P.O. BOX 8
OTISVILLE, NEW YORK 10963

NAME: Lorenzo McGriff DIN: 17A0595

Legal mail

Clerk of US DisTrict Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Printed On Recycled Paper

NEW YORK STATE
DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
OFFENDER CORRESPONDENCE PROGRAM

NAME: Lorenzo McGriff   DIN: 17A0845