U.S. District Court
Eastern District of New York

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
JUL 23 2021
BROOKLYN OFFICE

ORDER TO SHOW CAUSE July 17, 2021
1:21-CV-00703-AMD ★ *Rec. in dkt 7/26/21 rg

TRAVERSE

Case Name: McGriff v. Reardon

SCHEDULING ORDER:

This court granted petitioner an extention to respond in support of his petition with a return date August 26, 2021. Ordered by Judge Ann M. Donnelly on 7/1/2021. (Dang, Michelle).

PRELIMINARY STATEMENT

This reply addresses the argument raised in Respondent's opposition affidavit, which was served by regular mail on April 13, 2021, For those points not addressed within petitioner respectfully relies on his main brief which were filed with the § 2254 petition dated Febuary 3, 2021.

Here respondent's argument is that petitioner's claim with respects to trial court erred when it failed to give a stop deliberation instruction, is barred from Habeas Corpus review. Due to petitioner's failure to object to this error timely.

RECEIVED JUL 23 2021 PRO SE OFFICE
RECEIVED JUL 23 2021 PRO SE OFFICE

Standard of Review - New York's Contemporaneous Objection Rule, CPL § 470.05:

The State Court's decision denying relief upon appeal, falls outside the scope of the "adequate and independent" state ground doctrine, under the circumstances for which it was involked in the present case.

Meeting Standard of Review:

The State court misapplied, New York's "Contemporaneous objection rule", in rejecting petitioner's claim upon direct appeal for the following reasons. See, Garcia v. Lewis, F.3d at 77-79; Hathorn, 457 U.S. at 263

Issue at Bar:

1) Trial court erred in its duty to adequately instruct the jury with respect to the elements of the crime charged to be considered during deliberation.

2) Trial counsel failure to timely object to the errors which occurred during the most critical stages of the proceeding, rendered her assistance incompetently ineffective, both errors here amounted to a denial of a fair trial in violation of the 5th, 6th and 14th Amendment rights guaran-

teed by the U.S. Constitution.

State Court Ruling:

"The Defendant challenge to the Court's instructions was not preserved for our review, and we decline to reach the issue in the exercise of our interest of justice jurisdiction (c.F. CPL 470.05 [6][a])."

It is well settle that courts are not required to use particular language in this respect.

However, in Larrea v. Bennett, 2002 WL 1173564, this court noted; " We encourage state courts to express plainly, in every decision potentially subjected to Federal review, the ground upon which their judgment rest, but we will not impose on State courts the responsibility for using particular language in every denial of state collateral review — in order that Federal courts might not be bothered with reviewing State Law and the record in the case. See, Coleman v. Thompson, 501 U.S. At 739.

Furthermore, unlike the situation where the State Court holds that claims were either unpreserved or without

merit, which the Second Circuit has found to be too ambiguous to preclude habeas review. See, e.g., Tankleff v. Senkowski, 135 F.3d 235, 247 (2d Cir. 1998); Reid v. Senkowski, 961 F.2d 235, 247 (2d Cir. 1998).

The distinguishing factor between Larrea, and petition before the Court today is, in Larrea that court "explicitly" stated that it found the petitioner's claim to be unpreserved, and the fact that the First Department also stated the conclusion it would reach "were we to review" the claim does not change the result. See, e.g., Fama v. Commissioner of Correctional Service, 235 F.3d 804, 810-11 & n.4 (2d Cir. 2000).

Under New York Law, in order to preserve for appellate review petitioner's claim that the jury charge was erroneous, trial counsel was required to object to charge at trial. See, CPL § 470.05(2); People v. Autry, 75 N.Y.2d 836, 839 (1990); People v. Jackson, 76 N.Y.2d 908, 909 (1990); People v. Cadoretter, 56 N.Y.2d 1007, 1009 (1982); People v. Mallory, 258 A.D.2d 343

(1st Dept.) Appeal denied (1998) People v. Charleston, 56 N.Y. 2d 886, 887-88 (1982), see, also, e.g., Lugo v. Kuhlmann, 68 F. Supp. 2d 347, 372-73 (SDNY 1999) (Petterson, DJ & Peck, MJ); Liner v. Keane, 95 Civ-2738, 1996 WL 33990a1 *7 (SDNY 1996) (Wood, DJ & Peck, MJ).

Therefore, trial counsel failing in her obligated duty in representing petitioner's cause amounted to ineffective assistance at critical stage's of the trial. See, U.S. v. Cronic, 466 U.S. 648 (1984); Strickland v. Washington, 466 U.S. at 688.

The question here, however, is not whether New York "generally" applies the contemporaneous objection rule, but whether the rule was applied "Evenhandedly" in the present case as it should to all claims similar to petitioner here claims? See, e.g., Hathorn v. Lovorn, 457 U.S. 255; 262-63 (1982) holding:

"Our decision, however, stress that a state procedural ground is not 'adequate' unless the procedural rule is 'strictly or regularly Followed --

state courts may not avoid deciding Federal issues by invoking procedural rules that they do not apply even-handedly to similar claims"

Petitioner, here contends that this is exactly what took place on his direct appeal, because while his appeal were pending before the State Court Appellate Division 2nd Dept., - There were several cases reversed on this very issue concerning jury instructions and counsel's failure to object. See, People v. Breckenridge, 162 A.D. 3d 425 (1st. Dept. 2018) People v. Marcucci, 158 A.D. 3d 434 (1st. Dept. 2018); Velez, 132-134

It was argued on petitioner's direct appeal relying on the ruling in Velez:

"In so doing, the First Department has noted the confusion created when, as here, a trial court not only fails to give a stop-deliberation charge, but also indicates that jurors should consider lesser counts in the alternative or irrespective of the disposition of others. Id. at 131 A.D. 3d 132-134". Also People v. Castro, 131 A.D. 2d 771, 773 (2d 1987);

Accordingly, a procedural bar will be deemed "adequate" only if it is based on a rule that is "firmly established and regularly followed" by the state in question.

When a Federal court finds that the rule is inadequate under this test the rule should not operate to bar Federal review. Nontheless, the principle of comity that drive the doctrine counsel that a Federal court that deems a state procedural rule inadequate should not reach that conclusion "lightly or without clear support in state Law".

The responsibility to ensure that the state rule is "adequate" obligates this court to examine the basis for and application of state Law. In making that determination, however, some degree of deference is required. The Supreme Court has suggested that in determining the adequacy of a state procedural bar that precludes consideration of Federal claims, this court's inquire whether there was a "fair or

substantial basis" in State Law for the default. To this end when "there can be no pretence that the [State] court adopted its view in order to evade a constitutional issue, and the case has been decided upon grounds that have no relation to any Federal question, this court accepts the decision whether right or wrong". In line with cases, this court deferred to findings of procedural default as long as they are supported by a "fair or substantial basis" in law.

Here, the Appellate Division applied New York's codified contemporaneous objection rule, which preserves for review only those question of law as to which "a protest ... was registered, by the party claiming error, at <u>any</u> subsequent time when the court had opportunity of effectively changing the same". NY CPL § 470.05.

In the present situation the procedural default rule was invoked to avoid addressing constitutional issues.

Especially in light of the fact trial counsel fail to object in a timely manner. Ultimately counsel sought to remedy her error during the trial court proceeding. Initially counsel moved for a court order of dismissal on the grounds of "inconsistent verdict" among other issues. Prior to counsel's completion of the objection, the court interjected stating:

"Counsel you mean motion setting aside the verdict under CPL 330.30?" Where upon the court outright denied the motion in all respects. (H. 3, 4, 5, 6).

The New York court of appeals has explained that this rule "requires, at the very least, that any matter which a party wishes the appellate court to decide have been brought to the attention of the trial court at a time and in a way that gave the latter the opportunity to remedy the problem and thereby avert reversible error". As another New York court has explained " A question of law will be considered preserved for appellate review when it is interjected at

at the fact-finding level in such a manner and of such as to fairly apprise the court and the opposing party of the nature and scope of the matter contested".

The Supreme Court has recognized that contemporaneous objection rule of this kind serve a legitimate state interest. This court too have recognized the propriety of such rules, noting that "[I]f a state appellate court refuse to review the merits of a criminal defendant's claim of constitutional error because of his failure to comply with ... a 'contemporaneous objection' rule, a federal court generally may not consider the merits of the constitutional claim on habeas corpus review". As a result this court have observed and deferred to New York's consistent application of the contemporaneous objection rule.

The evidence presented on this petition before the court today, demonstrates kinship to the matter addressed in Garcia.

In the Garcia, case he does not object to New York's contemporaneous objection rule generally, but rather

contends that the rule was <u>Misapplied</u> in his case in particular. Contending this demonstrates that New York does not apply its rule "Evenhandedly to all similar claims" with in the meaning of Hathron, 457 U.S. At 263, Garcia, 188 F. 3d At 77-79 (citation omitted).

The contemporaneous objection rule also is intertwined with the Appellate Division's discretionary power. New York Law provides the Court with the discretionary power to rule on Forfeited claims " in the interest of Justice". CPL §§ 470.15 (3)(c), 470.15 (6)(a), in Four other reported decision, the Appellate Division was asked to review an unpreserved objection to an Allen Charge similar to the offending charge given in Garcia, And in all Four cases the Appellate Division reversed the convictions in the "interest of Justice". People v. Travis 00, 237 A.D. 2d 646, 647-48 (3rd Dept. 1997); People v. Arce, 215 A.D. 2d 277, 278 (1st Dept. 1997); Appeal denied 91 N.Y. 2d 835 (1997); People v. Jones, 216 A.D. 2d 324, 325

(2d Dept. 1995); People v. Allan, 192 A.D. 2d 433 (2d Dept. 1993).

Accordingly, petitioner in the present case assertive claims here, as was on direct appeal. Trial counsel's failure to object to the court's erroneous justification charge, did not constitute an "Adequate" state ground for denying relief because the Appellate Division failed to apply the contemporaneous objection rule "even-handedly to all similar claims". See, Wedre v. LeFerre, 988 F. 2d 334-40 (2d Cir. 1993)("we are not convinced that simply because New York law allows some discretion to be exercised in granting of extentions that dismissal on the basis of untimeliness does not constitute an Adequate procedural bar. Adequacy only requires application of the rule evenhandedly to all 'similar claims'. Procedural bar found to be adequate because cases in which New York courts had granted discretionary exception were factually distinguishable"). McLaurin v. Kelly, No 94-CV-1560, 1998, WL 146282 at *6 (NDNY Mar-

27, 1998) (Pooler. DJ the Appellate Division's "Application of the contemporaneous objection rule was thus atypical because New York often allows claims like petitioner's to be raised for the first time on appeal.... Consequently, its Finding of procedural default does not bar federal habeas review of petitioner's claim"). Gagne v. Coughlin, 995 F. Supp 268, 275-77 (EDNY 1996) (analyzing whether discretionary New York procedural bar was applied consistently enough to satisfy adequacy standard), aff'd. 129 F. 3d 254 (2d Cir. 1997).

 Wherefore, Petitioner respectfully ask this court to find that his constitutional rights to be afforded Due Process and Equal protection of Law were violated by the state courts, by denying relief upon direct appeal for all the reasons stated above, because that determination fell outside the standard of the "Adequate and independent state ground doctrine" of New York's contemporaneous objection rule.

Alternatively, petitioner ask the Court to find that defense counsel's failure to object in a timely manner, to the improper jury charge and verdict sheet violation, subjected petitioner to suffer from ineffective assistance of trial counsel.

Certification of Service

I hereby certify that on July 15, 2021, the foregoing document was filed by regular U.S. mail on the Clerk of the court and in accordance with Federal Rules of Civil Procedure, and/or the Eastern District's Local Rules, and/or was served upon the following party:

Eric Gonzalez
District Attorney
Kings County
350 Jay Street
Brooklyn, NY 11201

Lorenzo McGriff

Lorenzo
Otisville
P.O. Box 8
Otisville, New York 10963

US POSTAGE $001.00
ZIP 10963
041M11459157

NEOPOST
07/19/2021
US POSTAGE $000.40
ZIP 10963
041M11459157

Hon. Ann Donnelly
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Legal mail




U.S. POSTAGE PAID
FCM LG ENV
OTISVILLE, NY
10963
JUL 19, 21
AMOUNT
$0.00
05K138471-25