Lorenzo McGriff, 17A0545
Otisville Correctional Facility
P O Box 8
Otisville, New York

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
☆ AUG 05 2021 ☆
BROOKLYN OFFICE

RECEIVED
AUG 05 2021
PRO SE OFFICE

Case Name: McGriff v. Reardon
Case Number: 1:21-cv-0073-AMD-LB
Judge Ann M. Donnelly
Date: August 2, 2021

Your Honor,

    Please except my apologizes to the court for my error actually. The court had a full record of my reply dated July 17, 2021, there was an extra copy of page (7).

    Here enclosed is a second copy of petitioner's request for appointment of counsel. An the Traverse dated July 17, 2021, in reply to respondent's reply to Habeas corpus petition case no. 1:21-cv-0073-AMD-LB pending before this court.

Respectfully, etc.,

_[signature]_
Lorenzo McGriff

cc: file
me

Lorenzo McGriff
17A0545
Otisville Correctional Facility
PO Box 8
Otisville, NY 10963-0008

Case Name: McGriff v. Reardon
Case Number: 1:21-cv-00703-AMD-LB
Judge Ann M. Donnelly
Date 7/7/2021

Your Honor,

I am in receipt of your order dated 7/1/2021, in which you granted an extension of time for me (petitioner), to reply to the Respondent's, reply dated April 13, 2021, in the above-caption matter.

Here petitioner is requesting the appointment of Counsel in the above-caption matter, due to the complexity of the Legal and Factual issues of my case. I make my request out of the aboundance of the "Interests of Justice", 18 USC § 3006A(a)(2)(B) 2006; Rules Governing § 2254 Cases Rules 6(a), 8(c) 28 USC Fol. § 2254 (2006), See Also Reese v. Fulcomer, 946 F.2d 247, 263-64 (3rd Cir. 1991)(describing the factors the Court should consider before appointment of Counsel to an indigent habeas petitioner as (1) whether the habeas claim is Frivolous;

(2) whether appointment of counsel will benefit the petitioner and court; (3) the complexity of the legal or factual issues in the case; and (4) the ability of petitioner to investigate facts and present claims). See, e.g., Battle v. Armontrout, 902 F.2d 701, 702 (8th Cir. 1990) (requiring appointment of counsel because the factual and legal issues were sufficiently complex and numerous; also finding that petitioner's ability to investigate the issues was significantly impaired by his imprisonment); United States ex rel. Jones v. Franzen, 676 F.2d 261, 267 (7th Cir 1982) (appointing counsel for complex legal issues when allegations included withholding evidence, admission of co-defendant's statement and improper jury sequestration). Lemeshko v. Wrona, 325 F. Supp. 2d 778 (E.D. Mich. 2004) (finding counsel should be appointed in a habeas action where prisoner "has made a colorable claim, but lacks the means to adequately investigate, prepare, or present the claim").

The Rules Governing § 2254 cases Rule 8(c), 28 USC Fol. § 2254 (2006) require a court to appoint a Lawyer if the court decides to hold a hearing to investigate the facts of a petitioner's case. See, United States v. Duarte-Higareda, 68 F.3d 369, 370 (9th Cir. 1995) (Finding court appointment of counsel mandatory when evidentiary hearing are required for habeas petition under 28 USC § 2254.

## Conclusion

For all the aforementioned reasons, Petitioner request for appointment of counsel in protection of The Habeas Corpus Petition Before this Court should be granted.

Respectfully Submitted
Lorenzo McGriff

## Certificate of Service

I hereby certify that on July 7th, 2021, the foregoing document was filed with the clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Eastern District's Local Rules, and/or the Eastern District was served upon the following party:

Eric Gonzalez
District Attorney
Kings County
350 Jay Street
Brooklyn, NY 11201