Lorenzo McGriff, 17-A-0545
Otisville Correctional Facility
57 Sanitorium Road
Otisville, New York    10963

RECEIVED AUG 18 2022 PRO SE OFFICE

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 18 2022 ★
BROOKLYN OFFICE

August 16, 2022

U.S. DISTRICT COURT
Eastern District of New York
Case Name: McGriff v. REARDON
Case No.: 1:21-CV-0073-AMD-LB

Judge Ann DONNELLY

Your Honor: DONNELLY

    As per your ORDER dated March 22, 2022, I am moving to reopen the federal habeas corpus proceeding this Court stayed on October 19, 2021 pending final determination of State Court litigation. See, ORDER of this Court.

    The State trial Court's conclusion in matter denying petitioner's post-conviction motion, entered on June 8, 2022, received by petitioner on June 17, 2022. Which was post-marked June 15, 2022. See, OREDER of Trial Court.

    Petitioner sought a Certificate Granting Leave To Appel the lower Court's denial of the relief sought as presented in the post-conviction motion, See, Petitioner's Application for Certificate Granting Leave To Appeal.

    The Hon. CHERYL E. CHAMBERS, of the Appellate Division, 2nd Judicial Department, denied petitioner's request for permission to Appeal under docket number 2022-05855 dated August 12, 2022. See, Appellate Court's Decision.

    Petitioner now seek's permission from this Court to reopen the petition for habeas corpus review. In order to consolidate the issues raised upon the post-conviction motion, with the Constitutional claims as presented within the Writ for Habeas Corpus Pursuant to 28 U.S.C. § 2254, also petitioner request to renew his motion for appointment of counsel.

**CPL §§ 440.10 - §§ 210.30, 210.35(5) - § 2221(d) Motion(s)**

The main issues raised upon these application, objected to the legality of petitioner's conviction, pursuant to CPL §§ 440.10 Subdivision(s): (1)(h),(1)(c) [ Prosecutor failed to instruct jury on complete defense, Misrepresented and judge(s) allowed in material evidence known to be false, which was the product of a defective grand jury proceeding. See, Post-Conviction Motion(s).

**People's Affirmation In Opposition**

by reply dated February 14, 2022, Responding to both motion filed by petitioner. The prosecution's defense were that the claims asserted upon petitioner's "motion[s] are based entirely [o]n matters that appear on the record or that could have been made to appear on the record in the exercise of 'due diligence', and those claims could have been raised on Appeal". See, people's Affirmation In Opposition To 440 Motion.

This defense of "due diligence" must fail here as moot on account petitioner's challenge upon the post-conviction proceeding(s) were aimed at the fact(s), the prosecutor read excerpts from the medical reports, in the grand jury (secret proceeding), testifying to the injuries sustained by complainant. Becoming an unsworn witness, it is these minutes that has never been turned over, including those minutes pertaining to the instruction charge on the complete defense of Justification. And again these minutes are being sought to be produced upon this proceeding, in order for petitioner to demonstrate his claims of fraud on the part of the prosecution.

Case in point, during the trial Court's proceeding, by Notice of Motion dated September 30, 2016. Defense Counsel's CPLR § 2221(d) motion, sought to reargue for an order to inspect grand jury minutes and dismiss, because evidence presented in grand jury was legally insufficient, rendering the proceeding defective pursuant to CPL § 190,25 [6], §§ 210.30, 210.30(5). See, Defense Counsel's Motion.

(2)

October 12, 2016, the Hon. CYRULNIK ruled in a written decision in pertinent part: "regarding the Grand Jury Minutes must be addressed to justice MILLER. [] with leave to resubmit to justice MILLER, in granting that leave ["THIS COURT IS NOT MAKING ANY FINDING AS TO THE TIMELINESS OF SUCH AN APPLICATION"]. See, Decision of justice CYRULNIK.

The main issues presented by the motion to vacate judgment and ORDER seeking inspection of grand jury minutes and dismissal of indictment. All centered upon the prosector's failuer to properly instruct on the complete defense of justification. Minutes involving the same has yet to be turned over to petitioner, which will demonstrate fraudulent evidence was put before grand jury in this case for which the conviction rest. See, petitioner's Motion To Reargue, Inspect and Dismiss indictment and Reply To people's Affirmation In opposition.

In opposition to petitioner's application seeking a Certificate Granting Leave To Appeal. the denial of the CPL 440 motion , the people only stated "The Motion is Opposed" with no reasoning for that position other than they rely on their position as stated in the lower Court. See, People's Answer To Motion in the Appellate Division.

Petitioner saw this reply as a failure to base their opposition why the relief sought should be denied. Petitioner then sought a default judgment based on the "Respondent's failure to state a legal basis for opposing the motion in the lower Court". See, Notice of Motion for Default.

## ISSUANCE OF HABEAS RELIEF

In seeking habeas corpus relief, the District Court isn't bound by the States determination that the alleged false evidence did not in fact affect the grand jury vote to render a true bill of indictment. This Court acknowledge that "aState standard of specificity and substantially in making allegation of federal Constitutional deprivationwould be respected", and this Court make its own "independant examination" of the allegations there to determine if they had in fact met the New York State standard. The duty of this Court to make its own independant examination of the record when federal Constitutional deprivations are alleged is clear, resting, as

(3)

it does, on [your] solemn responsibility for maintaining the Constitution involved. See, Martin v. HUNTER'S LESSEE, 1 Wheat. 304; Cooper v. Aaron, 358 U.S. 1. this principle was well stated in NIEMOTKO v. STATE of MARYLAND, 340 U.S. 268: "In cases in which there is a claim of denial of rights under the federal Constitution, this Court is not bound by the conclusion of lower Courts, but will reexamine the evidence basis on which those conclusions are founded".

It is now well settled that the [S]upreme Court was able to speak in Kernlimurick, Inc., v. Scurlook, 347 U.S. 110, 121: of the "long course of judicial construction which established as a principle that the duty rest on this Court to decide for itself facts or construction upon which federal Constitutional issues rest".

### harmless Error Constitutes

A habeas petitioner is entitled to relief only if the Constitutional error at trial was not harmless. A Constitutional error in a State-Court-Criminal trial is harmless unless it has "a substantial injurious effect or influence in determining the jury's verdict". See, Fry v. Pliler, 55 U.S. 112, 116 (2007)(quoting Brecht v. Abrahamson, 507 U.S. 619, 638 (1993). In making a determination of the overall strength of the prosecution's" case, the importance of the improperly submitted evidence, and whether the evidence was emphasized at trial". See, Brown v. Kean, 355 F.3d 82, 92 (2d Cir. 2004).
Special Responsibility of Prosecutors RULE 3.8 (a),(b),(c) - (1),(2) - (A)(B)(C)(D)(E) [1][6].

The appropriate standard of review for habeas corpus claim alleging prosecutorial misconduct is "the narrow one of due process, and not the broad exercise of supervisory power". See, Floyd v. MEACUM, 907 F.3d 347, 353 (2d Cir. 1998)(Citing Darden v. WAINRIGHT, 477 U.S. 168, 181 (1986). The petitioner must demonstrate that the alleged misconduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process". See, Parker v. MATHEWS, ___ U.S. ___, ___, (2012)(quoting Darden, supra at 181). The Court must look at the totality of the circumstances in deciding whether the egregiousness of the prosecutor's alleged misconductjustifies relief. See, UNITED STATES v. YOUNG, 470 U.S. 1, 11,12 (1985)(noting the importance of context, including defense counsel's conduct).

In the Second Circuit, this inquiry includes three factors: (1) the severity of the prosecutor's misconduct, (2) any curative measures taken by the Court, and (3) the certainty of the conviction without the prosecutor's [M]isconduct. See, e.g., United States v. Melendez, 57 F.3d 238, 241 (2d Cir. 1995); Bentley v. Scully, 41 F.3d 818, 824 (2d Cir. 1994); Floyd, supra at 355. Standing alone, pro se, prosecutorial misconduct is insufficient to overturn a conviction. See, DURAN v. MILLER, 322 F. Supp.2d 251, 259 (EDNY 2004).

### (Judge) Inadequate Curative Instruction or Action

Due Process demands that "State Courts conducting criminal trials ... 'proceed consistently with that fundamental fairness' which is 'essential to the very concept of justice'". See, Dunningan v. Keane, 137 F.3d 117, 125 (2d Cir. 1998)(quoting Lisenba v. CALIFORNIA, 314 U.S. 219, 236 (1941), abrogated on other grounds by perry v. new Hampshire, ___ U.S. ___, (2012).

(5)

Whiel "[t]he introduction of unfairly prejudicial evidence against a defendant in a criminal trial is contrary to both State and Federal Law ... not all erroneous admissions of such evidence are errors of Constitutional dimension. id. (Internal Citation and quotation marks omitted). The introduction of such evidence does not deprive a defendant of due process 'unless the evidence is so extermely unfair that its admission violates fundamental conceptions of Justice'". id. (quoting Dowling v. United States, 493 U.S. 342, 352 (1990); Collins v. Scully, 755 F. 2d 16, 18 (2d Cir. 1985)("[i]n order to prevail on a claim that an evidentiary error deprived the defendant of due process ... he must show that the error was so prevasive so to have denied him a fundamental fair trial ...").

Improperly admitted evidence renders a trial fundamentally unfair when two (2) conditions are satisfied, first, the evidence's prejudicial impact must outweigh its probative value. C.F. Dunnigan, supra at 125 ("where the prejudicial evidence is probative of [an] essential element in the case its admission does not violate the defendant's right to due process"). Second, the improperly admitted evidence must be "sufficiently material to provide the basis for conviction or to remove a reasonable doubt that would have existed on the record without it". id (quoting JACKSON v. ROSS, 955 F.2d 178, 181 (2d Cir. 1998).

In other words, "It must have been crucial, critical, highly significant". Collins, supra at 19 (Internal quotation marks omitted). When assessing the materiality of the improperly admitted evidence, the Court must review it "in light of the entire record before the jury". id.

**Trial Court Errors Cumulative Effect of Errors**

"The Supreme Court has repeatedly recognized that the cumulative effect of trial Court's errors, even if they are harmless when considered singly, may amount to a violation of due process requiring reversal of conviction ". See, United States v. Al-moayad, 545 F.3d 139, 178 (2d Cir. 2008)(Citing Taylor v. Kentucky, 436 U.S. 478 n.15 (1978); CHAMBERS v. MISSISSIPPI, 410 U.S. 284, 302-03 (1973). the cumulative unfairness" doctrine "is also firmly embeded in the Second Circuits precedents". id. (citing United States v. Guglielmin, 384 F.2d 602, 607 (2d Cir. 1967)).

WHEREFORE, Petitioner respectfully request of this Court to enter an ORDER GRANTING him permission to REOPEN the petition for a Writ of Habeas Corpus review, consolidating the issues raised upon the Post-Conviction motion in the lower Court, and appointing counsel for further litigation of the whole matter as presented to this Court initially.

I declair under the penalty of perjury the forgoing is true and currect, and certify that on August 16, 2022, the forgoing was filed by regular mail on the following:

    DIANE R. EISNER
    ADA - KINGS COUNTY

    350 Jay Street

    Brooklyn,  New York 11201

_[signature]_
Lorenzo McGriff

(7)